UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Timothy G. Allison, Sr., <br><br> Plaintiff, <br><br> vs. <br><br> Commissioner of Social Security Administration, <br><br> Defendant. | C/A No. 9:10-1749-DCN-BM <br><br> Report and Recommendation |

This case is before the Court because of Plaintiff's failure to comply with the undersigned's Order of July 22, 2010. (Entry 7). In that Order, the undersigned ordered Plaintiff to submit certain items to bring this case into proper form within twenty-one (21) days. Plaintiff was directed to submit properly completed service forms and to answer special interrogatories about his exhaustion of Social Security administrative remedies. Plaintiff was specifically warned that any failure to comply with the directions contained in the Order in a timely manner would subject his case to possible dismissal. Plaintiff has not filed any type of response to the June 22, 2010 Order, and the time for his compliance has passed.

Applying the four-factor test of *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978) to the circumstances of this case, it appears that the failure of Plaintiff to respond in any way to the Court's initial Order in this case indicates an intent on Plaintiff's part not to prosecute this case. Accordingly, it is recommended that this case be dismissed *without prejudice* due to Plaintiff's failure to comply with this Court's Order and failure to prosecute the case. *See* Fed. R. Civ. P. 41(b)(district courts may dismiss an action if a plaintiff fails to comply with "any order of the



court."); *see also Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989)(dismissal with prejudice appropriate where warning given); *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982)(court may dismiss *sua sponte*).

Plaintiff's attention is directed to the important notice on the following page.

_____
Bristow Marchant
United States Magistrate Judge

August 31, 2010
Charleston, South Carolina

p2

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

